STATE *ex rel.* J. B. BROWN, COMPLAINANT, APPELLANT,
*v.* POLK COUNTY *et al.*, DEFENDANTS, APPELLEES.*

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

---

*As to power of school board to contract for term extending beyond that of the board itself, see annotation in 16 L. R. A., 257; 29 L. R. A. (N. S.), 657; 70 A. L. R., 802; 24 R. C. L., 579; R. C. L. Perm. Supp., p. 5471; R. C. L. Pocket Part, title "Schools," section 27.

CHAS. C. GUINN, HORACE HAMBY and W. T. THRESHER, for complainant, appellant.

D. SULLINS STUART and CHAS. B. WITT, for defendants, appellees.

MR. JUSTICE COOK delivered the opinion of the Court.

The bill was filed against Polk County, the county superintendent, and the chairman of the county board of education. It was shown that on January 5, 1931, Polk County Board of Education, by written contract, employed petitioner as principal of the Benton high and elementary school for a term of five years at an annual salary of $3400. By another agreement apart from the contract, but entered on the minutes of the board, it was stipulated that for any breach of the contract by the board of education petitioner would be entitled to $3400 liquidated damages.

It was alleged that after execution of the contract in January, 1931, and after defendant Hoyt L. Lillard be-

came chairman of the board and J. C. McAmis became superintendent and secretary of the board, they, together with the board of education, ignored the contract and breached it in August, 1931, and not only refused to let petitioner enter upon his employment at the beginning of the school in August, 1931, but refused to pay his salary monthly as they were obligated to do, and also refused to pay him liquidated damages.

The prayer of the bill was for a decree (1) declaratory to the rights of the parties under the contract; (2) damages for breach of the contract; (3) in the alternative a decree for $3400, the sum stipulated as liquidated damages for breach of the contract, and (4) that the writ of mandamus issue requiring the chairman and secretary of the board of education to issue a warrant for petitioner's salary or in the alternative for $3400, the liquidated damages.

Polk County and the chairman and secretary of the board of education demurred, saying that the board of education had no power or authority to contract debts and obligations beyond the income provided in the annual budget and in advance of approval of the budget by the quarterly court and provision by the court for revenues to meet it; and that the contract relied on by petitioner is void.

The chancellor sustained the demurrer and dismissed the petition and appeal was prayed and granted. It is insisted that the contract was lawful and that it should have been enforced by a decree of the chancellor.

██ In the absence of any express or implied statutory limitation, a school board may enter into a contract to employ a teacher or any proper officer for a term extending beyond that of the board itself, and such con-

tract, if made in good faith and without fraudulent collusion, binds the succeeding board. 24 R. C. L., 579; *Board of Viola* v. *Board of Warren County,* 160 Tenn., 351.

 The implied limitation upon the power of the board of education to make the contract relied on by the petitioner is found in chapter 115, Acts of 1925. Because the sections are not properly numbered, the reference is to pages. The Act, at page 327, requires the county superintendent to prepare, annually, a budget for the schools of his county and submit it to the board of education for approval and to the county court for adoption at the April session. This budget must set forth in itemized form the amount of money necessary to operate the schools for the scholastic year, beginning in July.

Referring to the duties of the board of education, the Act at page 330, provides that the board shall require the county superintendent and chairman of the board to prepare the budget and when approved by the board submit it to the April term of the quarterly court, and, at page 332, any member of the board of education voting to make debts beyond the legitimate income provided in the school budget for any school year is declared guilty of a misdemeanor..

 While the county superintendent under supervision of the board of education is directed by the Act to make up the school budget, the authority to exercise this function does not convey the power to arbitrarily fix the amount that the quarterly court must raise in revenue to meet the exaction of these officials. The quarterly county court is clothed with power to act for the county, and may, within statutory limits, exercise a reasonable discretion in fixing the tax for the maintenance of the schools. See *State* v. *Meador,* 153 Tenn., 636.

The Act contemplates reasonable coordination between the revenue spending governmental agencies, of which the county board of education is one, and the revenue raising governmental agencies, of which the quarterly county court is another. Without such coordination there would be great confusion in the fiscal affairs of the counties. The limitation upon the spending power of the county board of education, coupled with the requirement of an annual budget to be made upon approval of the county court, imports a limitation upon the power of the board to make a binding contract of employment or other contract for expenditures of money beyond the annual budgets prescribed by the Act, a requirement essential to reasonable management of county revenues and expenditures to avoid bankruptcy. This conclusion is supported, though not directly, by the case of *Morton* v. *Hancock County,* 161 Tenn., 324. That case involved the claim of teachers for salary due under a contract of employment and in the absence of a showing to the contrary, the court stated it would be assumed the salaries were in accord with the budget and as the law provides.

The decree of the chancellor will be affirmed.