Hyder *v.* Morgan, Superintendent, *et al.*

(*Knoxville,* September Term, 1940.)

Opinion filed November 23, 1940.

ALLEN, NELSON & ALLEN, of Elizabethton; VINES, HAWKINS & BRYANT, of Johnson City, W. R. PEARSON and K. P. BANKS, both of Elizabethton, and WITT & WITT, of Benton, for plaintiff in error.

R. C. CAMPBELL and DAYTON E. PHILLIPS, both of Elizabethton, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit by the plaintiff to recover three months' salary alleged to be due her under contract with the Carter County Board of Education for services rendered as a clerical employee. The suit was instituted before a magistrate and he rendered judgment in her favor for $182.50. On appeal the circuit judge dismissed the suit. The Court of Appeals held that plaintiff was entitled to a

recovery, probably larger than the pleadings in the case warranted, and remanded the case for a new trial, with leave to amend the pleadings and to have recovery for the full amount found to be due her. This court granted petition for *certiorari* and the case was argued before us. On August 29, 1938, the Carter County Board of Education entered into a contract with the plaintiff by which she was employed for a period of ten months at $85 per month to serve "as clerk at the Elizabethton High School for a period of ten months beginning August 15, 1938, and ending June 15, 1939." The contract was executed with all the formalities prescribed by the statutes and there is no question but that it was valid on its face.

On the first of September, 1938, a new superintendent of schools and other new school officials were chosen for Carter County. On October 5, 1938, the County Board of Education notified the plaintiff that her services were no longer required. She had no hearing, no charges were preferred against her, and the reason assigned for her discharge was that the school budget adopted did not justify her employment at the salary fixed and for the time stipulated in her contract. Plaintiff protested, offered to continue her services, but without avail, and later in October, 1938, instituted this suit before the magistrate as aforesaid.

While the circuit judge filed no written opinion, his rulings during the course of the trial indicated that he regarded contracts made with the plaintiff and others as exceeding the allowances for such purposes made in the budget and therefore beyond the power of the Board of Education and accordingly unenforceable.

This court has said "The limitation upon the spending power of the county board of education, coupled with the requirement of an annual budget to be made upon

approval of the county court, imports a limitation upon the power of the board to make a binding contract of employment or other contract for expenditures of money beyond the annual budgets prescribed by the act, a requirement essential to reasonable management of county revenues and expenditures to avoid bankruptcy." *State ex rel. Brown* v. *Polk County,* 165 Tenn., 196, 54 S. W. (2d), 714, 716.

The county superintendent testified in this case that the only item in the budget against which the plaintiff's salary could be charged was one of $750 for clerk hire. In addition to plaintiff employed at a salary of $85 a month for ten months, the superintendent pointed out that two other clerical helpers were employed by the old board—one at a salary of $80 a month for ten months, and another at a salary of $70 a month for ten months. All these salaries aggregated $2,350. The superintendent accordingly took the position that these three contracts were void and this position was apparently adopted by the circuit judge. It should be remarked that the plaintiff's contract is the only one before us.

If the construction of the budget made by the present superintendent was clear, free from doubt, the plaintiff would have much more difficulty in setting up her claim. Of the witnesses testifying herein, however, the county superintendent is alone in construing the budget as providing $750 only for clerk hire for the period involved.

The county auditor, who appears to be a member of a reputable firm of accountants, although testifying for the Board of Education, said that there are $2,070 available for clerk hire, and it appears that in a former case he testified that a larger sum was available under this particular budget—a sum sufficient to carry out the contracts made with all three of the clerks mentioned.

Members of the old Board of Education likewise testified in the case and said that the budget contained items available and adequate for the payment of these three clerks.

The Court of Appeals, going over the budget, and taking into account certain contributions to be expected from the Federal Government for two of these clerks engaged partially in NYA work, found that there was adequate provision, at least for plaintiff's contract salary in the school budget adopted.

■■ As ruled by this court in *Morton* v. *Hancock County,* 161 Tenn., 324, 30 S. W. (2d), 250, there is a presumption that a contract of employment made between a county school board and authorized employees is in accord with the budget as the law provides, and that presumption will prevail in the absence of a showing to the contrary. On the record before us, considering the proof above detailed and the finding of the Court of Appeals, we are unable to say that the contract made with plaintiff exceeds the allowance of the budget for that purpose.

■■ It seems to us, however, that the Court of Appeals went too far in the relief decreed for the plaintiff. This is a case at law, instituted before a magistrate. The plaintiff is bound by the terms of the warrant and her *ore tenus* pleading in the circuit court. In the circuit court her attorney stated that this was a suit on contract for three months' salary due her and we do not see how any further recovery could be given her herein. The magistrate's warrant states the suit as one for "debt due by salary as clerk under $500.00."

The magistrate, as heretofore stated, rendered judgment in favor of the plaintiff for $182.50. The case was tried before him and a judgment rendered for her on

November 12, 1938. At that time the plaintiff's contract was about two and one-half months old. She had been paid $30. Her salary at the rate of $85 per month for two and one-half months, less $30, would amount to the sum awarded her by the magistrate.

Even if the item of $750 was the only budget provision covering the employment of the plaintiff and other clerks, this amount would not be exhausted by payment to each of them of salary due under their contracts for two and one-half months.

In *Morley* v. *Power,* 78 Tenn. (10 Lea), 219, the school fund of Davidson County was insufficient to pay the teachers for the full school term. The court held that the teachers should be paid for so much of the school term as the funds available permitted. That case is not altogether unlike the one before us. This plaintiff entered into a formal contract with those authorized to execute the same for the County of Education. Beyond question, the budget was sufficient to cover so much of her salary as she is here seeking to recover. In view of the obviously confusing manner in which the school budget was framed, the different interpretations put upon that budget by those qualified to speak, we think it would be too much of a burden on plaintiff to say that she is bound by the construction of the present county superintendent, and that her contract is void.

Indeed, the present Board of Education is in no position to say that the contract of the plaintiff was absolutely void. According to the testimony of the county superintendent himself, the Board tendered the plaintiff five weeks' salary when she was discharged, and which she refused to accept. If the contract was void, as now claimed by the present Board of Education, that Board

was wholly without authority to tender this five weeks' payment.

Upon the whole case we reach the conclusion that the judgment of the magistrate was correct and a similar judgment in plaintiff's favor will be entered here, and the judgment of the Court of Appeals, thus modified, is affirmed. It appears from plaintiff's testimony in the circuit court that she had not been able to procure other employment, certainly not before the trial in the magistrate's court.

Plaintiff will be entitled to interest on this sum of $182.50 from November 12, 1938, the date of the magistrate's judgment. The costs of the case will be taxed to the Carter County Board of Education.