COX v. GREENE COUNTY et al.—175 S. W. (2d) 150.

Eastern Section.   July 3, 1943.

Petition for Certiorari denied by Supreme Court, October 16, 1943.

Conway Maupin and Susong, Parvin & Fraker, all of Greeneville, for appellants.

Leon E. Easterly, of Greeneville, for appellee.

BURNETT, J. This is a suit by Elmer Cox against the Greene County Board of Education seeking to recover compensation due him for serving said board as clerk and stenographer from July 1, 1934, until March 1, 1935.

The chancellor decreed a recovery in favor of Cox in the sum of $751.66. The sum was reached by subtracting an amount earned elsewhere during the contract period from the contract price and adding interest from the filing of the bill. The Greene County Board of Education has apealed and assigned only one error, namely: ''The Court below erred in entering judgment in favor of complainant in any amount. The Chancellor should have found and decreed that the County Board of Education in electing a clerk and stenographer whose sole duties were in connection with the actual functioning of the Board was exercising a governmental rather than a business or proprietary function and that it had no authority to enter into a contract for a term extending beyond that of the Board itself.''

Elmer Cox was elected by the County Board of Education of Greene County, Tennessee, on June 8, 1934, as clerk and stenographer for said board for the term of eight months, beginning July 1, 1934, at a salary of $100 per calendar month. A written contract was signed, executed and delivered on June 8, 1934, and a copy thereof was spread on the minutes of the board. The full membership of seven voted four to three for his election. The appellee signified his acceptance of the terms of the con-

tract and on July 1, 1934, entered upon his duties as clerk and stenographer. He continued his work for which he was employed until December 15, 1934. During this period he was not paid for his work. He then found work elsewhere and worked at this new position until February 15, 1935, earning in this interval $163. On February 15, 1935, he again returned to his work as clerk and stenographer for the board. The board accepted his work and assigned him various things to do. He worked for the board until March 1, 1935, when his contract expired. The board then re-elected the appellee to the same position he had been serving and paid him for the work done on the second employment. He resigned on August 15, 1935, and accepted a position elsewhere.

The work of the appellee was accepted by the board without criticism or objection on the part of the board or others so far as this record shows. He was well fitted for the position, holding an A.B. Degree from Lincoln Memorial University and also being a graduate in typing and business methods.

On March 31, 1934, the board adopted a budget for the 1934-35 school year. This was presented to the April Session of the County Court in compliance with subsection 25 of Code section 2324 and subsection 14 of Code section 2325. This budget was adopted by the County Court at its April Session and included among other items—''Clerks, Stenographers, etc., $800.00.'' The record does not indicate anyone other than appellee for this item. Among the many duties required by Code, section 2325, of county boards of education is to elect clerical assistants.

Code, section 2317 provides: ''In each county, there shall be a county board of education composed of seven

members elected by the county court at its July session, one each year, to succeed members as their respective terms expire, each member to serve for a term of seven years.''

The following sections of the Code through Code, section 2330, set forth the eligibility requirements, compensation, duties, etc., of the board. Accordingly the term of office of one member of the Greene County Board of Education expired at the July Session of the County Court 1934. The appellee was elected prior thereto to serve from July 1, 1934, to March 1, 1935, i. e., he was elected to serve after the term of office of one of seven members had expired.

We adopt with approval from Tate v. School Dist., 324 Mo. 477, 23 S. W. (2d) 1013, 1020, 70 A. L. R. 771, the following: ''The foregoing statutes reflect the clear and unmistakable intention of the General Assembly, which is the law-enacting authority of our state, that the government and control of each of the common school districts in the state shall be vested in a board of directors composed of three members, whose terms of office shall not expire concurrently, but that the term of office of only one of the three members composing said board shall expire during each school year, thereby reflecting the intention of the General Assembly that such governing board of directors of a common school district shall be a continuous body of entity, of which a majority of the members composing the board shall continue in office during the next succeeding school year. While provision is made in the statutes for a change in the personnel of the membership of the board of directors by the vote of the qualified electors of the school district at each annual meeting of the school district, yet the intention of the

Legislature is clearly reflected in the statutes that the board of directors of a common school district is a continuous body or entity, and that transactions had, and contracts made, with the board, are the transactions and contracts of the board, as a continuous legal entity, and not of the individual members.''

In 43 Am. Jur., page 101, section 292, it is said:

''The power of public officers to enter into contracts which extend beyond the terms of their offices depends primarily on the extent of their authority under the law. A distinction has been drawn between two classes of powers,—governmental or legislative and proprietary or business. In the exercise of the governmental or legislative powers, a board, in the absence of statutory provision, cannot make a contract extending beyond its own term. But in the exercise of business or proprietary powers, a board may contract as any individual, unless restrained by statutory provisions to the contrary. Obviously, contracts extending beyond the terms of the officers executing them will be held invalid where the making of contracts tends to limit or diminish the efficiency of those who will succeed the incumbents in office, or usurps power which was clearly intended to be given to the successor.

''Contracts pertaining to the ordinary business affairs of a municipality or county, such as contracts for water supply, street lighting, and the leasing of municipal property to private parties, are ordinarily upheld, although extending beyond the term of office making them, in the absence of fraud or other inequitable circumstances. Contracts for printing are upheld or denounced, depending upon the particular law under which the officers are

acting and the tendency of the contract to tie the hands of successors.

"In respect of employment, the general rule is that contracts of employment for a period beyond the term of the employing board are not valid. The principle is of particular importance where the nature and character of an employment are such as to require a board or officer to exercise a supervisory control over the appointee, or such as to involve a personal relationship between the board and the employee. However, such contracts are upheld in some jurisdictions. Especially is this the case as respects superintendents and teachers in public schools."

The employment of school teachers beyond the term of the school board has been definitely approved by the courts of this State. See State ex rel. Malcolm v. School Board, 4 Tenn. Civ. App. 322; State ex rel. Brown v. Polk County, 165 Tenn. (1 Beeler), 196, 54 S. W. (2d) 714, 715.

In State ex rel. Brown v. Polk County, supra, it is said: "In the absence of any express or implied statutory limitation, a school board may enter into a contract to employ a teacher or *any proper officer* for a term extending beyond that of the board itself, and such contract, if made in good faith and without fraudulent collusion, binds the succeeding board. 24 R. C. L. 579; Board of Education of Viola Normal School v. Board of Education of Warren County, 160 Tenn. 351, 24 S. W. (2d) 889. (Italics supplied.)

The salary of a clerical employee within the school budget was allowed, even though the term of some of the school officials had expired subsequent to the election and before his services were completed, in Hyder v. Morgan,

176 Tenn. (12 Beeler), 617, 144 S. W. (2d) 785. In this case the question of governmental or business function was not raised.

In the instant case the board had the duty to elect clerical assistants. Code, section 2325. The appellee was elected and served. There is no bad faith or fraudulent collusion shown or intimated. The board made its budget which was adopted by the County Court providing for such clerical help.

Under the facts of this case the chancellor was correct in his findings and holding. The cause is affirmed and all costs taxed against the appellant.

McAmis, J., concurs.