**Illard J. HUNTER, Plaintiff-Appellant,**

v.

**SEQUATCHIE COUNTY, Tennessee, et al., Defendants-Appellees.**

Court of Appeals of Tennessee,
Middle Section.

Aug. 29, 1975.

Certiorari Denied by Supreme Court
Dec. 30, 1975.

J. Harvey Cameron, Kelly & Cameron, South Pittsburg, for plaintiff-appellant.

Stephen T. Greer, Dunlap, Upchurch, Turner & Sapp, Pikeville, for defendants-appellees.

OPINION

SHRIVER, Judge.

### The Case

This is a suit for damages for breach of contract entered into by and between the plaintiff and the Sequatchie Valley School Board of Administration, as representative of the other defendants to this cause.

The Chancellor partially sustained the motion of defendants for a summary judgment and, thereafter, on stipulation of the parties that the plaintiff had been paid his compensation for the period of time that he served under the contract of employment, the Court concluded that he was not entitled to any additional compensation or damages and dismissed his cause of action and allowed an appeal to this Court which has been perfected and an *Assignment of Error* filed, as follows:

"The Trial Court erred in sustaining the defendants, Sequatchie County and Sequatchie County Board of Education's motion for summary judgment and entering a final order dismissing plaintiff's action."

### The Pleadings and Proceedings Below

The original bill of complaint, filed in the Chancery Court of Sequatchie County on December 12, 1972, alleges that plaintiff was, until recently, the Director of the Sequatchie Valley School operated under the Sequatchie Valley School Board of Administration, having entered into a four year contract of employment with said Board of Administration on July 1, 1970; that Sequatchie and Bledsoe Counties, in cooperation with the Sequatchie Valley Planning and Development Agency, the State Department of Education, T.V.A., and the Boards of Education of the two Counties, entered into a cooperative project to improve the educational opportunities afforded in said Counties; that the project was to result in a consolidation of the High Schools in said Counties with additions to the faculty and improvement of teacher qualifica-

tions and salaries; that resolutions were adopted by the Quarterly Courts of Bledsoe and Sequatchie Counties ratifying a contract between those Counties, and that there was the issuance of $142,000.00 in short term capital outlay notes for the construction and operation of the Multi-County School; that a contract between the Boards of Education of the two above mentioned Counties, approved by the Commissioner of Education and the Attorney General of Tennessee, was entered into; that plaintiff terminated his employment in Overton County as a teacher to accept the position of Director of the Sequatchie Valley School and entered into a contract of employment for four years; after the contract of employment was executed, plaintiff entered into the active performance of his duties as Director in accordance with the terms of his contract and performed such functions until his unwarranted dismissal by the Sequatchie Valley School Board of Administration on February 29, 1972.

The bill recites the events leading up to the breach of the contract of employment between the Board of Administration and the plaintiff. It is alleged that as a result of the unwarranted dismissal of the plaintiff and the breach of his contract of employment, he has sustained irreparable harm and damage, for which damages he brings this suit.

The prayers of his bill are:

(1) For process

"(2) That on the hearing of this action, the Court award the plaintiff damages for breach of his contract of employment, under date of July 1, 1970, which breach was brought about by the act or acts of one or more of the defendants."

(3) For general relief.

Answers were filed raising certain material issues. Thereafter, defendants filed their *Alternative Motion to Dismiss Or For Summary Judgment*, under Rule 12.02(6), Tennessee Rules of Civil Procedure, to dis-

miss for failure to state a claim upon which relief can be granted, or, in the alternative, to enter a summary judgment for defendants on the ground that there is no genuine issue as to any material fact.

Defendants so moved also on the ground that the Sequatchie Valley School Board of Administration was without authority to enter into a contract of employment beyond the term of the annual budget; that the Board of Administration never submitted a proposed budget to the Sequatchie Quarterly Court.

In support of this motion, the defendants submitted the affidavit of Roy D. Greeson, which is as follows:

"AFFIDAVIT IN SUPPORT OF DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT

STATE OF TENNESSEE )
COUNTY OF BLEDSOE )

Roy D. Greeson, being duly sworn, deposes and says:

I was Chairman of the Sequatchie Valley School Board of Administration from 1970 to 1972, including the period in which the contract with the plaintiff was purportedly entered into. I have personal knowledge of the matters hereinafter referred to, and make this affidavit in support of defendants' motion for summary judgment.

While I was Chairman of said School Board, a proposed budget for the Sequatchie Valley School was never submitted by said School Board to either the Sequatchie or Bledsoe County Quarterly Court. More specifically, there was never a formal request by said School Board to the Sequatchie or Bledsoe County Quarterly Court for the appropriation of funds to cover the alleged employment contract between said School Board and the plaintiff herein.

Affiant further says that the salary paid the plaintiff for the period prior to his alleged dismissal was derived from funds supplied by T.V.A. and did not come out of any monies appropriated by either the Sequatchie or Bledsoe County Quarterly Court.

___/s/ Roy D. Greeson___
Affiant

Sworn to and subscribed
before me, this the 20th
day of March, 1973.

/s/ Ruth D. Bond_____ Notary Public

My Commission Expires: 8/13/73"

Thereafter, plaintiff filed his affidavit in opposition to defendants' motion for summary judgment, which affidavit is as follows:

"AFFIDAVIT IN SUPPORT OF PLAINTIFF'S
MOTION IN REPLY TO DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT

STATE OF TENNESSEE )
MARION COUNTY      )

Illard J. Hunter, being duly sworn, deposes as follows:

1. That under contract of July 1, 1970 between Sequatchie Valley School Board of Administration and himself, he was employed as Director of the Sequatchie Valley School and has personal knowledge of the information stated in this affidavit.

2. That the affidavit of Roy D. Greeson submitted on behalf of defendants is misleading in that same does not reflect the true financial arrangements made between T.V.A., Sequatchie Valley Planning and Development Agency and the respective Boards of Education and County Courts of Sequatchie and Bledsoe Counties.

3. That both Counties did appropriate monies for the operation of said schools during fiscal year 1970-71 and that an appropriation in the amount of $142,000.00 was made by Sequatchie County.

4. In addition thereto, the 1970-71 budget reflects a contribution in the amount of $5,000.00 made by Sequatchie County to Sequatchie Valley Planning and Development Agency for the Sequatchie Valley School.

5. The Sequatchie Valley School Board of Administration prepared annual budgets which were submitted to the Boards of Education for Sequatchie and for Bledsoe Counties in accordance with the contract between the Boards of Education of the aforementioned Counties relating to the Sequatchie Valley School and which annual budgets were prepared in conjunction with and were materially participated in the formation thereof by the respective Boards of Education.

And further deponent sayeth not.

/s/ Illard J. Hunter

Sworn to and subscribed before
me this 5th day of May, 1973.

/s/ J. J. Pittman        Notary Public

My Commission expires:  April 20, 1975."

In response to said motion and briefs of counsel, the Chancellor filed his Memorandum Opinion on September 21, 1973 wherein he recites that the cause is before the Court on a motion for summary judgment and states that the facts, basically, are that

the Counties of Sequatchie and Bledsoe joined in a contract with T.V.A. and the Sequatchie Valley Planning and Development Agency to form and found the Sequatchie Valley School Board of Administration for the purpose of building a joint County School funded partly by Federal funds, and that this Board of Administration contracted with the plaintiff to become the Director of that School, and that, due to certain litigation, the School was never funded by the Counties and the Federal Government and the plaintiff was forced to leave the area and seek other employment.

The Opinion of the Chancellor continues:

"That the two defendant counties have incurred some obligation, along with the other authorities so contracting, is apparent.

That amount of this obligation must however rest upon the proposition of what work has been done by the plaintiff. That is to say, his recovery must be based upon a quantum merit basis.

To this extent let the motion be denied and the cause proceed to proof of the work done."

A decree in accordance therewith was entered and the appeal prayed for was "for the time being denied."

Thereafter, the following stipulation was entered into:

"It is hereby stipulated and agreed between the respective parties, that the plaintiff, Illard J. Hunter, was paid in accordance with the provisions of the contract entered into between the plaintiff and the Sequatchie Valley School Board of Administration under date of July 1, 1970 from date of employment through and including the date of February 29, 1972, the date of his discharge.

By order entered on October 4, 1974, the contract between the Board of Education of Bledsoe County and that of Sequatchie County relating to the Sequatchie Valley School under date of April 4, 1970, was made a part of the record in this action; however, no such contract is in the record on appeal.

The final decree in the cause is as follows:

"This cause came to be heard before the Honorable L.F. Stewart, Chancellor, upon the entire record in this action and especially upon stipulation submitted by counsel for the respective parties wherein it was made to appear to the Court that the plaintiff, Illard J. Hunter, had been fully paid for work performed under his contract with the Sequatchie Valley School Board of Administration to date of his discharge and that in accordance with the Memorandum Opinion heretofore entered by the Court that the plaintiff was entitled to a recovery only upon a quantum merit basis and order entered pursuant thereto, and the Court being of the opinion that a further hearing in this matter was unnecessary and that final order could be entered dismissing plaintiff's action.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the plaintiff, Illard J. Hunter, have and recover of the defendants and each of them, under the provisions of his contract with the defendants, Sequatchie Valley School Board of Administration, all monies due and owing to him for work performed through and including February 29, 1974, at which time plaintiff's employment was terminated.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the plaintiff having received full compensation under the provisions of said contract through and including the date of February 29, 1972, at which time his contract was terminated, that he be disallowed a recovery of damages for breach of his employment contract is hereby and his action dismissed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the cross-complaint filed by Bledsoe County and Bledsoe County Board of Education be and the same is hereby in all things dismissed.

To the action of the Court in denying the plaintiff's right to recover damages for breach of contract and in partially sustaining the defendants, Sequatchie County and Sequatchie County Board of Education, motion for summary judgment heretofore entered, the plaintiff excepts and prays an appeal to the next term of the Court of Appeals, sitting at Nashville, Tennessee, and which appeal is hereby granted; plaintiff is allowed thirty days after date of filing this order to file appeal bond, and ninety days within which time to otherwise perfect his appeal.

ENTER:

/s/ L. F. Stewart
<u>CHANCELLOR"</u>

### Our Conclusions

From all of the above it appears that the Chancellor, in the final analysis, granted a summary judgment on the record before him wherein he found that the plaintiff was not entitled to recover anything and his cause was dismissed.

■ The affidavit of Roy D. Greeson, hereinabove quoted, asserts the existence of certain facts with respect to the budget for the Sequatchie Valley School and the failure to submit same to either the Sequatchie County or Bledsoe County Quarterly Courts, and, further, that no formal request was ever made to the Quarterly Courts for appropriation of funds to cover the alleged employment contract between the School Board and the plaintiff. This is squarely contradicted by the affidavit of Illard J. Hunter. Thus, if the Chancellor relied on said affidavits, as he apparently did, for his decision to grant a summary judgment, he was in error. See Rule 56, Tennessee Rules of Civil Procedure, which provides for summary judgment where there are no material issues of fact to be determined. See *Thearp v. Travelers Indemnity Co.*, Tenn. App., 504 S.W.2d 763, and *Allstate Ins. Co. v. Hartford Accident & Indemnity Co.*, Tenn., 483 S.W.2d 719.

Even if, under the bill and the answers thereto, the Court should conclude that the statements made in the two said affidavits were not sufficient to make a material issue of fact in the case, nevertheless, we are impressed that the record before the Trial Judge as it is reflected in the record before us, was not sufficient upon which to conclude the rights of these parties on a summary judgment without a chance to develop all the facts relevant to the issues in this case and that for that additional reason, in the discretion of this Court, this cause should be remanded to the Trial Court for a trial on a more complete record. § 27–329, T.C.A., *Sartain v. Dixie Coal & Iron Co.*, 150 Tenn. 633, 266 S.W. 313.

For guidance of the Trial Court on remand, we think the following observations are in order.

Counsel for the defendants rely on *State ex rel. Brown v. Polk County et al.*, 165 Tenn. 196, 54 S.W.2d 714, as supporting their position that the School Board could not enter into a valid and binding contract of employment or other contract for the expenditure of money beyond the limits of the County School budget.

In *Brown v. Polk County*, supra, construing Chapter 115, Tenn. Pub. Acts of 1925, among other things, the Court said that the authority of the County Superintendent, under the supervision of the Board of Education to make a school budget, does not convey the power arbitrarily to fix the amount that the Quarterly County Court must raise in revenue to meet the exaction of these officials.

In the case at bar it should be pointed out that Chapter 4 of T.C.A., entitled "Transfer of Schools—Joint Operation," and, specifically, the following Code Sections reflecting the Acts of the General Assembly of 1957 and 1963, are General Acts, thus, the question arises, "Do these Acts supersede the Acts of 1925 which were construed and applied in *Brown v. Polk County*, supra?"

For example, Section 49–410, entitled "Joint Operation of Schools—Contracts Binding," provides that the Board of Education of any two or more school systems, Counties, Cities or Special School Districts, are authorized and empowered to establish, maintain and operate a public school, or schools, jointly by entering into contracts for that purpose and that upon the execution of these contracts by the respective Boards of Education, "the same shall be binding upon said Boards of Education and upon the Counties, Cities and Special School Districts involved."

Section 49–411, entitled "Powers in establishing and operating joint schools," provides that the Counties, Cities, and Special School Districts are authorized and empowered to levy taxes, issue bonds, appropriate and expend funds, acquire property through purchase or exercise of eminent domain, *employ teachers*, and do any and all other acts necessary or expedient for entering into and consummating such contracts for the establishing, maintaining and operating such joint schools.

Section 49–412, T.C.A. provides that the Boards of Education of these County or Special School Districts shall have the same powers with respect to the assignment, placement, expulsion, etc., of pupils and with respect to the employment and assignment of teachers for such schools as they may possess with respect to other schools under their supervision.

And, finally, Section 49–421, T.C.A., being Chapter 246 of the Acts of 1963, provides for a Director of Consolidated Schools, his term and compensation. The Act also recites:

"Any plan of consolidation shall provide that the Consolidated Board of Education is authorized to designate a person experienced in public school management and supervision and possessing a certificate of qualification issued by the State Board of Education pursuant to [Section] 49–220 as the chief administrative employee of the Board, and to enter into an employment contract with such person for a period not to exceed five (5) years, and for a compensation to be determined therein."

Is a contract made pursuant to the foregoing statutes valid and enforceable against the Boards and the County or Counties involved?

These matters should be adjudicated below before we are called on to pass on them.

■ There appears to be no reasonable basis upon which it can be held that plaintiff's claim in the instant case must be on a basis of quantum meruit rather than damages for breach of contract.

From all of the above it results that the judgment of the Chancellor is reversed and

the cause remanded to the Chancery Court of Sequatchie County for a trial on the merits.

REVERSED AND REMANDED.

TODD and DROWOTA, JJ., concur.