IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
MARCH 21, 2001 Session

# AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, LOCAL 1733, RICK BROWN, ELAINE TIDWELL, ROSETTA JONES, PRENTISS MILTON, JOE EGGLESTON, and ANNETTE FLETCHER v. CHRIS TURNER, GENERAL SESSIONS COURT CLERK, AND SHELBY COUNTY GOVERNMENT

### Direct Appeal from the Circuit Court for Shelby County
### No. 83938 T.D.; The Honorable J. Steven Stafford, Judge, by Designation

---

### No. W2000-00166-COA-R3-CV - Filed October 10, 2001

---

This appeal arises from a collective bargaining agreement entered into by the Appellants and employees of the Shelby County General Sessions Court Clerk's office. The Appellees refused to recognize the collective bargaining agreement. The Appellants filed a complaint against the Appellees in the Circuit Court of Shelby County. The complaint alleged violations of Article 1, Section 8 of the Tennessee Constitution, the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, the First Amendment to the United States Constitution, and breach of contract under Tennessee law. The parties filed cross-motions for summary judgment. The trial court entered summary judgment in favor of the Appellees.

The Appellants appeal the grant of summary judgment in favor of the Appellees by the Circuit Court of Shelby County. For the reasons stated herein, we affirm the trial court's decision.

### Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Mark Allen, Barclay M. Roberts, Memphis, for Appellants

Herbert E. Gerson, Thomas J. Walsh, Jr., Kathleen Spruill, Memphis, for Appellees

## OPINION

## I. Facts and Procedural History

The Appellant, American Federation of State, County, and Municipal Employees Local 1733 ("AFSCME" or "Local 1733"), is an unincorporated labor organization engaged in the representation of employees concerning the terms and conditions of their employment. Local 1733 maintains its place of business in Memphis, Shelby County, Tennessee. The Appellants, Rick Brown, Elaine Tidwell, Rosetta Jones, Prentiss Milton, Joe Eggleston, and Annette Fletcher ("Employees"), are employees of the Shelby County General Sessions Court Clerk's office. The Appellee, Shelby County Government, is a political subdivision of the State of Tennessee and operates a governmental entity with employees having a place of business at the Shelby County General Sessions Court Clerk's office. Shelby County Government operates under home rule as contemplated by article 11, section 9 of the Tennessee Constitution. The Appellee, Chris Turner ("Mr. Turner"), is the duly elected Shelby County General Sessions Court Clerk.

On March 9, 1979, the then mayor of Shelby County, William N. Morris, Jr. ("Mayor Morris"), issued a proclamation establishing a procedure for the recognition of collective bargaining. The Shelby County Board of Commissioners ratified the proclamation by resolution of June 18, 1979 ("the resolution"). On June 25, 1979, Mayor Morris signed the resolution. Since that time, all proper requests for collective bargaining pursuant to the resolution have been recognized by Shelby County Government.

By letter dated July 31, 1996, AFSCME submitted to the then Shelby County General Sessions Court Clerk, John Ford ("Mr. Ford"), a request for recognition as the collective bargaining representative of the General Sessions Court Clerk's employees pursuant to the resolution. On August 1, 1996, Shelby County elections were held, and Mr. Turner defeated Mr. Ford to become the new General Sessions Court Clerk, effective September 1, 1996. By letter dated August 8, 1996, AFSCME amended its July 31, 1996 letter and requested a meeting for the purpose of determining the adequacy of employee interest and the propriety of an election. On August 9, 1996, Mr. Ford met with representatives of AFSCME. Mr. Ford reviewed the authorization cards signed by more than fifty percent of the General Sessions Court Clerk's employees. Mr. Ford found that the authorization cards were valid and properly executed within ninety days of their presentation to him. Mr. Ford issued a Notice of Election and Order of Election as well as a final agreed upon ballot and a document describing the duties of the observers of the election.

On August 14, 1996, an election was conducted by the General Sessions Court Clerk's office to determine whether the General Sessions Court Clerk's non-mangerial and non-confidential employees chose to be represented by AFSCME. The final vote count was a total of eighty votes in favor of AFSCME representation and twelve votes in opposition. By letter dated August 16, 1996, Mr. Ford recognized AFSCME as the exclusive representative of the General Sessions Court Clerk's non-managerial and non-confidential employees. On August 23, 1996, negotiations began towards a collective bargaining agreement. The parties reached an agreement on a Memorandum of Understanding, and the agreement was ratified by AFSCME on August 28, 1996. On August 30, 1996, the agreement was executed by the parties.

On September 1, 1996, Mr. Turner took office as the new Shelby County General Sessions Court Clerk. On September 16, 1996, Dorothy Crook ("Ms. Crook"), the Executive Director of Local 1733, met with Mr. Turner and provided him with a copy of the Memorandum of Understanding. By letter dated September 19, 1996, Mr. Turner refused to recognize the Memorandum of Understanding and refused to recognize AFSCME as the agent for the General Sessions Court Clerk's employees.

On December 18, 1996, AFSCME filed a complaint in the Circuit Court of Shelby County against Mr. Turner and Shelby County Government. The complaint alleged violations of Article 1, Section 8 of the Tennessee Constitution, the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, the First Amendment to the United States Constitution, and breach of contract under Tennessee law. On January 31, 1997, AFSCME filed an amended complaint and added Employees as plaintiffs. On February 17, 1997, Shelby County Government and Mr. Turner filed answers to the amended complaint. On June 22, 1999, Mr. Turner and Shelby County Government and AFSCME and Employees filed cross-motions for summary judgment. The hearing on the cross-motions for summary judgment was held on October 11, 1999. On July 18, 2000, the trial court granted the motion for summary judgment in favor of Mr. Turner and Shelby County Government. The trial court held that Tennessee public policy provides that public employees may not be governed by a collective bargaining agreement. This appeal followed.

## II. Standard of Review

Summary judgment is appropriate if the movant demonstrates that no genuine issues of material fact exist and that he is entitled to a judgment as a matter of law. See TENN. R. CIV. P. 56.03. We must take the strongest view of the evidence in favor of the nonmoving party, allowing all reasonable inferences in his favor and discarding all countervailing evidence. See Shadrick v. Coker, 963 S.W.2d 726, 731 (Tenn. 1998) (citing Byrd v. Hall, 847 S.W.2d 208, 210-11 (Tenn. 1993)). Since our review concerns only questions of law, we review the record *de novo* with no presumption of correctness of the judgment below. See TENN. R. APP. P. 13(d); Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997).

## III. Law and Analysis

We must determine whether the trial court erred by granting the motion for summary judgment in favor of Mr. Turner and Shelby County Government. In making this determination, the following issues are presented for our review:

1. Whether Tennessee public policy provides that public employees may not be governed by a collective bargaining agreement;
2. Whether a home rule county may adopt legislation in contravention of Tennessee public policy;
3. Whether Mayor Morris' proclamation and the Shelby County Commission's resolution bound the General Sessions Court Clerk; and

4.  Whether the former General Sessions Court Clerk lacked the power to bind the current General Sessions Court Clerk to a collective bargaining agreement.

We can resolve this appeal on the final issue; therefore, we decline to address the first three issues presented for our review.

The sole dispositive issue presented for our review is whether Mr. Ford, the former General Sessions Court Clerk, lacked the power to bind Mr. Turner, the current General Sessions Court Clerk, to a collective bargaining agreement.  The Appellees argue that Mr. Ford lacked the authority to enter into a collective bargaining agreement which extended beyond his term of office.  Shelby County elections were held on August 1, 1996 at which time Mr. Turner defeated the incumbent, Mr. Ford, to become the General Sessions Court Clerk, effective September 1, 1996.  Between August 1, 1996 and September 1, 1996, Mr. Ford recognized AFSCME as the exclusive representative of the General Sessions Court Clerk's non-managerial and non-confidential employees.  Mr. Ford negotiated with the AFSCME representative and assisted in drafting the Memorandum of Understanding.  Mr. Ford executed the collective bargaining agreement two days before Mr. Turner took office.  Upon taking office, Mr. Turner refused to recognize the collective bargaining agreement.

A prior opinion of the Tennessee Attorney General[1] addressed the authority of the Commissioner of Correction to enter into a collective bargaining agreement with departmental employees.  The opinion also alluded to the issue whether a governmental official can bind his successor in office to a collective bargaining agreement.  The opinion stated:

> Further, it is important to recognize that governmental officials should not be able to bind the State or their successors in office unless by law.  To permit a commissioner to enter into a multi-year collective bargaining agreement which could last beyond his term would inappropriately limit the discretion and scope of authority of his successor whose employment philosophy and administrative goals may differ from those of the commissioner who negotiates the contract.

Op. Att'y Gen. 78-437 at *19 (Dec. 28, 1978).
Additionally, in Cox v. Greene County, 175 S.W.2d 150, 151 (Tenn. Ct. App. 1943), the court of appeals discussed the problem of public officers entering into contracts which extend beyond the terms of their offices.

> "The power of public officers to enter into contracts which extend beyond the terms of their offices depends primarily on the extent of

---

[1]The opinion was authored by William C. Koch, Jr., a member of this Court who was, at the time, a Deputy Attorney General.

their authority under the law. . . . In the exercise of the governmental or legislative powers, a board, in the absence of statutory provision, cannot make a contract extending beyond its own term. . . . Obviously, contracts extending beyond the terms of the officers extending them will be held invalid where the making of contracts tends to limit or diminish the efficiency of those who will succeed the incumbents in office, or usurps power which was clearly intended to be given to the successor."

See id. at 151 (quoting 43 AM. JUR. § 292).

In the case at bar, the collective bargaining agreement executed by Mr. Ford shortly before he left office clearly "tends to limit or diminish the efficiency" of his successor, Mr. Turner, and "usurps power which was clearly intended to be given" to Mr. Turner. Accordingly, we find that Mr. Turner was not bound by the collective bargaining agreement executed by his predecessor, Mr. Ford. We affirm the trial court's decision granting summary judgment in favor of the Appellees.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirmed. Costs of this appeal are taxed against the Appellants, American Federation of State, County, and Municipal Employees, Local 1733, Rick Brown, Elaine Tidwell, Rosetta Jones, Prentiss Milton, Joe Eggleston, and Annette Fletcher, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE

-5-